IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Young Bok Park and Michael Seong ) <br> ) <br> on behalf of themselves and all other ) <br> Plaintiffs similarly situated known and ) <br> unknown, ) <br> ) <br>                Plaintiffs, ) <br>   v. ) <br> Fresh Farms International Market, Inc., ) <br> Wheeling Grand, LLC., Grand Golf, LLC., ) <br> John Svigos and Dean Svigos ) <br> ) <br> ) <br>                Defendants. ) | Case No. 16-cv-02306 |

## COMPLAINT

Plaintiffs, Young Bok Park and Michael Seong, on behalf of themselves and all other Plaintiffs similarly situated known and unknown, through their attorneys, for their Complaint against Fresh Farms International Market, Inc., Wheeling Grand, LLC., Grand Golf, LLC., John Svigos and Dean Svigos ("Defendants"), state as follows:

### NATURE OF PLAINTIFFS' CLAIMS

1. This lawsuit arises under the Fair Labor Standards Act, 29 U.S.C. §201, *et. seq.* ("FLSA"), and the Illinois Minimum Wage Law, 820 ILCS 10511 *et. seq.* ("IMWL") for Defendants' failure to pay overtime wages to Plaintiffs. During the course of their employment by Defendants, despite Plaintiffs worked in excess of forty (40) hours per week, Plaintiffs were not paid overtime wages properly. Plaintiffs further allege that Defendants' failure to pay the overtime wages is willful and intentional. Plaintiffs' Consent Forms to be a representative Plaintiffs in this collective action under the FLSA

1

are attached hereto as Exhibit A.

## THE PARTIES

2.     Plaintiffs are at all times relevant hereto employees of Defendants.

3.     Plaintiffs are at all times relevant hereto individuals employed in the State of Illinois by Defendants.

4.     Plaintiffs are at all times relevant hereto resided in the State of Illinois.

5.     Plaintiffs are at all times relevant hereto non-exempt employees within the meaning of the FLSA, and the Illinois Minimum Wage Law, and the implementing rules and regulations of the FLSA and the Illinois Minimum Wage Law.

6.     Plaintiffs are filing this FLSA claim as individual action for themselves.

7.     For the period commencing on or about July 13, 2015, until September 22, 2015, Plaintiff Young Bok Park regularly and customarily at the specific instructions and demand of Defendants actually performed work for Defendants in excess of forty (40) hours per week.

8.     For the period commencing on or about September 7, 2015, until December 3, 2015, Plaintiff Michael Seong regularly and customarily at the specific instructions and demand of Defendants actually performed work for Defendants in excess of forty (40) hours per week.

9.     Plaintiffs performed work for Defendants the said excess of forty (40) hours per week work as an express condition of them continued employment.

10.     Throughout Plaintiffs' employment, Defendants paid Plaintiffs a fixed amount per week regardless of the number of hours they worked in a day or the number of hours they worked in a workweek.

11.     Plaintiffs regularly worked more than 40 hours a week and were not paid the proper amount of overtime wages.

12.     Plaintiffs regularly worked more than 40 hours per week while employed by Defendants.

13.     Plaintiffs performed manual labor for Defendants.

14.     Plaintiffs were assigned to the said manual labor by Defendants.

15.     Plaintiffs were not required to possess any specialized skills in order to do the assigned work for Defendants.

16.     Plaintiffs did not have to supply their own tools and equipment in connection with their work for Defendants.

17.     Plaintiffs were required to report to work for Defendants at a certain time.

18.     Plaintiffs could not set their own hours of work for Defendants.

19.     Plaintiffs were not compensated at the proper overtime rate for hours worked in excess of forty (40) hours per week.

20.     Defendants, Dean Svigos and John Svigos ("Svigos") are and were at all relevant times hereto engaged in the business of Grocery Store.

21.     Defendants, Svigos are and were at all relevant times hereto engaged in the interstate commerce.

22.     Defendants, Svigos managed, supervised, established and administered the terms and conditions of Plaintiffs' employment.

23.     Defendants Svigos participated in and approved of the unlawful pay practices of the business Fresh Farms International Market, Inc., Wheeling Grand, LLC. and Grand Golf, LLC. at Chicago, Wheeling and Niles, Illinois.

24. Defendants Svigos were involved in assigning work to Plaintiffs.

25. Defendants Svigos had the power and authority to discipline Plaintiffs.

26. Defendants Svigos exercised authority over the terms and conditions of Plaintiffs' employment and how much and the manner in which Plaintiffs were paid.

27. Defendants Svigos hired Plaintiffs.

28. Defendants Svigos were in charge of paying employees.

29. Defendants Svigos told Plaintiffs where to work and when to work.

30. Defendants Svigos managed, supervised, established and administered the terms and conditions of Plaintiffs' employment.

31. Defendants Svigos participated in and approved of the unlawful pay practices of the corporate Defendants Fresh Farms International Market, Inc., Wheeling Grand, LLC. and Grand Golf, LLC.

32. Defendants employed Plaintiffs to do work for them in the State of Illinois.

33. Defendants, during all relevant times, were subject to the FLSA due to the nature of their business and revenues earned.

34. Defendants provided the tools and equipment and materials for Plaintiffs to do their job with Defendants.

35. Defendants held Plaintiffs out as an employee.

36. At all times relevant hereto, the acts and omissions of Defendants, and each of them, concurred and contributed to the various acts and omissions of each and every one of the other Defendants in proximately causing the complaints, injuries, and damages alleged herein.

37. At all times relevant hereto, Defendants, and each of them, approved of, condoned and/or otherwise ratified each and every one of the acts or omissions of the other Defendants complained of herein.

38. At all times relevant hereto, Defendants, and each of them, aided and abetted the acts and omissions of each and every one of the other Defendants, thereby proximately causing the damages as herein alleged.

39. Defendants employed and paid Plaintiffs as their employees.

40. Defendants are employers within the meaning of the term of the Fair Labor Standards Act, 29 U.S.C. § 203(d), and the Illinois Minimum Wage Law.

41. Defendants' failure to properly pay Plaintiffs for overtime wages was intentional and willful.

42. No exemption from overtime wages applied to Plaintiffs' employment with Defendants.

43. Defendants never obtained legal advice or counsel that their overtime pay practices and/or policies were compliant with state and federal wage-hour laws.

44. Defendants never obtained any written guidance from the U.S. Department of Labor concerning their pay practices and policies.

45. No exemption from overtime applies or applied to Plaintiffs when they worked or works more than 40 hours in a workweek for Defendants.

46. Defendants failed to pay Plaintiffs overtime compensation for all hours worked in excess of 40 hours per workweek.

47. Defendants Fresh Farms International Market, Inc. Wheeling Grand, LLC and Grand Golf, LLC. are an Illinois corporation and Illinois Limited Liability Companies doing business as Grocery Stores, Fresh Farms International Market and are an

enterprise as defined by in Section 3(r)(1) of the FSLA, 29 U.S.C. §203(r)(I), and are enterprises engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1)(A) of FLSA 29 U.S.C. §203(s)(1)(A).

48. Defendant Dean Svigos is a citizen and resident of Cook County and is the President of Defendant Fresh Farms International Market, Inc. and the manager of Grand Golf, LLC.

49. Defendant John Svigos is a citizen and resident of Cook County and is the LLC member of Defendant Wheeling Grand, LLC. and the manager of Grand Golf, LLC.

## JURISDICTION AND VENUE

50. This Court has jurisdiction over Plaintiffs' FLSA claims pursuant to 29 U.S.C. § 216(b). Venue is proper in this judicial district as the facts and events giving rise to Plaintiffs' claims occurred in this judicial district. This Court has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C § 1367.

## COUNT I
### Violation of the Fair Labor Standards Act -Overtime Wages
### (All Plaintiff)

51. All allegations of the Complaint are expressly incorporated herein and Plaintiffs repeat and reallege each and every allegation set forth in this Complaint as though set forth fully at length herein.

52. This count arises from Defendants' repeated violation of the Fair Labor Standards Act, 29 U.S.C. §201. *et. seq.,* and for their failure to pay overtime wages to Plaintiffs and other similarly situated employees for all hours worked.

53. For Plaintiff Young Bok Park, for the period commencing on or about July 13,

2015, until September 22, 2015, Plaintiff Park regularly and customarily at the specific instructions and demand of Defendants actually performed work for Defendants in excess of forty (40) hours per week.

54.	For Plaintiff Michael Seong, for the period commencing on or about September 7, 2015 until December 3, 2015, Plaintiff Seong regularly and customarily at the specific instructions and demand of Defendants actually performed work for Defendants in excess of forty (40) hours per week.

55.	Plaintiffs performed work for Defendants the said excess of forty (40) hours per week work as an express condition of their continued employment.

56.	Throughout Plaintiffs' employment, Defendants paid Plaintiffs a fixed amount per week regardless of the number of hours they worked in a day or the number of hours they worked in a workweek.

57.	Plaintiffs regularly worked more than 40 hours a week and were not paid the proper amount of overtime wages.

58.	This Court has jurisdiction to hear this Count pursuant to 29 U.S.C. §216(b) and the venue is proper in this judicial district.

59.	During the course of their employment by Defendants, Plaintiffs and other similarly situated employees were not exempt from the overtime wage provisions of the Fair Labor Standards Act, 29 U.S.C. §207.

60.	Plaintiffs and other similarly situated employees were directed by Defendants to work and did so work, in excess of forty (40) hours per week.

61.	Pursuant to 29 U.S.C. §207, for all weeks during which Plaintiffs worked in excess of forty (40) hours, Plaintiffs and other similarly situated employees were entitled to be compensated at a rate of one and one-half times their regular rate of pay.

62. Defendants did not compensate Plaintiffs and other similarly situated employees at a rate of one and one-half times their regular rate of pay for hours worked in excess of forty (40) hours in individual workweeks.

63. Defendants' failure and refusal to pay overtime wages for hours worked in excess of forty (40) hours per week was a violation of the Fair Labor Standards Act, 29 U.S.C. §207.

64. Defendants willfully violated the Fair Labor Standards Act by refusing to pay Plaintiffs and other similarly situated employees overtime wages for hours worked in excess of forty (40) hours per week.

WHEREFORE, Plaintiffs pray for a judgment against Defendants as follows:

A. A judgment in the amount of one and one-half times Plaintiffs' regular rate for all hours which Plaintiffs worked in excess of forty (40) hours per week;

B. Liquidated damages in an amount equal to the amount of unpaid overtime compensation found due;

C. Reasonable attorney's fees and costs incurred in filing this action; and

D. Such other and further relief as this Court deems appropriate and just.

### COUNT II
### Violation of the Illinois Minimum Wage Law - Overtime Wages
### (All Plaintiff)

65. All allegations of the Complaint are expressly incorporated herein and Plaintiffs repeat and reallege each and every allegation set forth in this Complaint as though set forth fully at length herein.

66. This Court has supplemental jurisdiction over the matters alleged herein pursuant to 28 U.S.C. §1367.

67. The matters set forth in this Count arise from Defendant' violation of the overtime compensation provisions of the Illinois Minimum Wage Law 820 ILCS 105/4a. Plaintiffs bring this action pursuant to 820 ILCS 105/12(a).

68. Pursuant to 820 ILCS 105/4a, for all weeks during which Plaintiffs worked in excess of forty (40) hours, Plaintiffs were entitled to be compensated at one and one-half times their normal hourly rate of pay for hours worked in excess of forty (40) hours per week.

69. Defendants failed to compensate Plaintiffs' overtime wages for hours worked in excess of forty (40) in individual work weeks.

70. Defendants violated the Illinois Minimum Wage Law by not compensating Plaintiffs' overtime wages for hours worked in excess of forty (40) in individual work weeks.

71. Defendants willfully violated the Illinois Minimum Wage Law by refusing to compensate Plaintiffs at one and one-half times their regular rate of pay for hours worked in excess of forty (40) hours per week.

72. Pursuant to 820 ILCS 105/12(a), Plaintiffs were entitled to recover unpaid wages for at least three years prior to the filing of this suit, plus punitive damages in the amount of two percent (2%) per month of the amount of underpayments.

WHEREFORE, Plaintiffs pray for a judgment against Defendants as follows:

A. A judgment in the amount of one and one-half times Plaintiffs' hourly wage rate for all hours which Plaintiffs worked in excess of forty (40) hours per week

B. Punitive damages pursuant to the formula set forth in 820 ILCS105/12(a);

C. Reasonable attorney's fees and costs incurred in filing this action; and

D. Such other and further relief as this Court deems appropriate and just.

**JURY TRIAL**

A jury trial is demanded on all Counts.

Respectfully submitted,

Dated: February 17, 2016

  /s/ Ryan Kim
Ryan J. Kim

INSEED LAW, P.C.
2454 E Dempster St Suite 301
Des Plaines, IL 60016
Attorney for Plaintiffs